IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



EQUAL EMPLOYMENT OPPORTUNITY ]
COMMISSION, ]
]
    Plaintiff, ]
]
v. ]   CIVIL ACTION # 2:05CV2074KS-JMR
]
EAGLE QUICK STOP, INC., d/b/a ]   **COMPLAINT**
SID'S DISCOUNT FUEL ]
]
    Defendant. ]   **JURY TRIAL DEMAND**
]

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices, and to make whole Kimberly Thomas, who was adversely affected by such practices. More specifically, Eagle Quick Stop, Inc., d/b/a Sid's Discount Fuel ("Sid's Discount Fuel") discriminated against Kimberly Thomas by discharging her in violation of 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a) because she filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 704(a), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful herein were and are

now being committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, Eagle Quick Stop, Inc., (the "Employer"), has continuously been and is doing business in the State of Mississippi, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kimberly Thomas filed a Charge of Discrimination with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 3, 2004, Defendant Employer has engaged in unlawful employment practices at its Hattiesburg, Mississippi facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by discharging Kimberly Thomas because she filed a Charge of Discrimination with EEOC.

8. The effect of the practices complained of in paragraph seven above has

been to deprive Kimberly Thomas of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Kimberly Thomas.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make any affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Kimberly Thomas by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rehiring Kimberly Thomas.

E. Order Defendant Employer to make whole Kimberly Thomas by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Kimberly Thomas by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant to pay Kimberly Thomas punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper.

I.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint involving intentional violations of Title VII.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

CHARLES E. GUERRIER
Regional Attorney
Ohio Bar #0023546OH

MILDRED BYRD
Supervisory Trial Attorney
Louisiana Bar #03741

_____
EUNICE HOLT MORROW
Senior Trial Attorney
Alabama Bar # ASB-5267-064E

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Birmingham District Office
1130 - 22nd Street South
Ridge Park Place
Suite 2000
Birmingham, AL  35205
Telephone Number:  205/212-2065