IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

VS. CIVIL ACTION NO. 2:05cv2074-KS-MTP

EAGLE QUICK STOP, INC.,
D/B/A SID'S DISCOUNT FUEL

ORDER

This cause is before the Court on [98] Motion for Attorney's Fees filed by Eagle Quick Stop, Response thereto by Equal Opportunity Employment Commission, and the Court after considering the motion, response and memoranda, and authorities cited, does hereby find that the Motion for Attorney's Fees by Eagle Quick Stop should be granted for the following reasons and with the additional requirements set forth herein.

**Procedural History**

Equal Employment Opportunity Commission ("EEOC") began an investigation of Eagle Quick Stop, Inc., d/b/a Sid's Discount Fuel ("Eagle") following a charge by Ms. Kimberly Thomas ("Thomas") that she had been racially discriminated against in violation of Title VII. While the investigation was ongoing Ms. Thomas was terminated and a determination was made by the EEOC that there had been retaliation against Thomas, and a complaint was brought against Eagle for said retaliation. The EEOC subsequently found no evidence to support the claim of racial discrimination and issued a finding of no cause on that issue. The litigation, however, continued, involving only the retaliation charge, and this Court ultimately granted summary judgment in favor of Eagle. The basis for the Court's order was that Eagle did not

meet the statutory definition of employer under Title VII, in that it had less than fifteen (15) employees. Following the entry of Summary Judgment and Final Judgment, Eagle filed its Motion for Attorney's Fees and Costs.

**Standard for Assessment of Attorney's Fees**

In this circuit the standard for assessing attorney's fees in a case such as this is established by *Christianburg Garment Company v. Equal Employment Opportunity Commission,* 434 U.S. 412, 98 S.Ct. 691, 54 L. Ed. 2d 648. The EEOC sued Christianburg Garment Company alleging civil rights violations, and after Christianburg prevailed it sought and was awarded attorney fees as the prevailing party. In it's analysis of the claim for fees, the Supreme Court distinguished the standard for attorney fees awarded to a prevailing plaintiff from attorney fees awarded to a prevailing defendant. The Court stated that fees are ordinarily awarded to a prevailing plaintiff in a Title VII proceeding because the plaintiff is acting as the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority. When the District Court awards attorney's fees to a prevailing plaintiff it is awarding them against a violator of federal law. *Newman v. Piggy Park Enterprises,* 39 U.S. 400 88 S.Ct. 964 19 L.Ed. 2d 1263 (1968). The Court further stated that a successful defendant seeking counsel fees under § 706(k) must rely on different equitable considerations. Congress did not intend to adopt the "loser pays" policy, but did intend by the statute to discourage frivolous suits and to diminish the likelihood that unjustified suits would be brought. Congress further intended to effect a way to protect defendants from burdensome litigation having no legal or factual basis. Hence, the *Christianburg* standard is stated by the Court as follows:

> In sum, a District Court may, in its discretion, award attorney fees

> to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria it is important that a district court resist the undesirable temptation to engage in *post hoc* reasoning by concluding that, because the plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable grounds for bringing suit. *Christianburg* at 421- 422.

While plaintiffs are given a significant incentive to pursue a Title VII claim, there must be some protection from frivolous, unreasonable or groundless lawsuits. Hence, the statute allowing attorney's fees to be assessed for prevailing plaintiffs. If Eagle can show that the EEOC's action was frivolous, unreasonable, or without justification, even though not brought in subjective bad faith, then it is entitled to recover attorney's fees. The recovery can be for fees expended from the beginning of the litigation if it is determined to be frivolous, unreasonable or without foundation from the outset, or from such time during the litigation process that the plaintiff should have known that the litigation was such. The District Court will make this decision by determining when the EEOC knew or should have known that it had no chance of success.

**Analysis**

In its memorandum Eagle claims the position of prevailing party and that all of the

attorney's fees and costs expended should be reimbursed by the EEOC. An itemization is not furnished, but Eagle did comply with Rule 54(d)(2)(B).

The thrust of Eagle's argument is that the EEOC should have known that its claim was frivolous from the outset because of the lack of the requisite number of employees. Eagle continues by claiming that the EEOC pursued the litigation after having absolute proof that the fifteen employee minimum was not met.

In its response, the EEOC states that the Court has rejected its proof regarding a material issue of fact (requisite number of employees) and granted a summary judgment. Following that, it argues that the defendant was not a prevailing party and is not entitled to attorney's fees. This argument is without merit. Eagle prevailed. It was granted summary judgment on the basis that it did not have the threshold number of employees for application of Title VII.

EEOC next claims that it was dismissed based on lack of subject matter jurisdiction, but this argument is completely refuted by the recent case of *Arbaugh v. Y & M Corp.,* 126 S. Ct. 1235, 1245 (2006). Having the requisite number of employees is an element of proof that is part of plaintiff's case and is something that should be determined by a plaintiff before filing suit. When a plaintiff cannot establish a necessary element of its case, it should not bring the litigation.

In its next argument the EEOC states that Eagle is not entitled to attorney's fees because the defendant failed to show that the EEOC's lawsuit was vexatious, frivolous, unreasonable or without foundation. The summary judgment ruling turns on the fact that there were not fifteen employees. The question is when should the EEOC have determined this. If it knew or should have known from the outset that there were not the requisite number of employees, then Eagle is

entitled to reimbursement for all of its reasonable fees and costs. Likewise, if the EEOC did not know or should not have known at the outset that Title VII did not apply to Eagle, the question is when should it have known and did it continue the litigation after it knew or should have known of the inapplicability.

The Complaint of the EEOC has been shown to be without basis. The Court will allow both sides an additional opportunity to brief at what time the lack of basis was known or should have been known by the EEOC. There have been a number of affidavits and other documents filed which can be referred to in any new briefings. Additionally, pursuant to Fed. R. Civ. P. 54(d)(2)(C) Eagle shall provide a detailed claim, together with sufficient documentation for an evaluation of the attorneys fees and costs requested. The EEOC will be allowed to respond accordingly.

In its next proposition in the Response to Motion for Attorneys Fees, the EEOC argues that the investigation of the charges against Eagle is not a proper subject for review by the Court. The issue before this Court is when the EEOC knew or should have known that it had no basis to file this lawsuit. The portions of the investigation and the findings of and documentation supporting same may be submitted by the EEOC to mitigate its actions in filing this Complaint. However, this would be at the discretion of its attorneys.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Eagle is the prevailing party in this litigation.

2. The lawsuit brought by the EEOC herein was without justification. Title VII did not apply to Eagle and, hence, no basis for bringing the suit.

3. That both sides are entitled to present further submissions to the Court arguing

their respective positions as to when the EEOC knew or should have known that it did not have jurisdiction over Eagle. Eagle is to present its submissions to the Court within twenty (20) days of the date of this Order. The EEOC is granted twenty (20) additional days from said date to respond, and Eagle is granted ten (10) additional days for a reply.

4. That Eagle should document its claim for attorneys fees, sufficient for this Court to evaluate the reasonableness and the necessity of same and the EEOC will be given an opportunity to rebut the claims of reasonableness and necessity. The time limitations above described shall apply to these arguments also.

SO ORDERED this, the 21st day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE